Stewart, J.,
dissenting. Section 2945.11, Revised Code, reads in part:
“The court must state to the jury that in determining the question of guilt, it must not consider the punishment but that punishment rests with the judge ex *291 cept in cases of murder in the first degree or burglary of an inhabited dwelling. ’ ’
In view of this positive legislative mandate, it seems to me that the court was in grave error when, in answer to the jury’s query, the court informed it concerning the time that must elapse before one convicted, with mercy, of first degree murder or one convicted of second degree murder can be paroled.
It is true that in a first degree murder case the jury determines whether the defendant goes to the chair, and that determination is made by the jury in using its discretion whether to recommend mercy. I think it is bad practice, in a first degree murder case, to say anything to the jury other than that if it does not recommend mercy the defendant goes to the chair, and, if it does, he will be sentenced to imprisonment for life. But, assuming the propriety of a further charge with reference to first degree murder, it is, as the majority opinion states, an error of commission for the court to state to the jury that a prisoner serving a sentence of imprisonment for life for second degree murder shall become eligible for parole at the end of 10 years of imprisonment.
I differ with the majority in its consideration of the prejudicial character of such error. In my opinion, where the court did not charge the jury to the effect that in determining the question of guilt it must not consider the punishment, and where the court did charge the jury with reference to the punishment and the provisions for parole not only as to first degree murder but also as to second degree murder, the jury had for consideration the punishment, involved in the degrees of crime which were submitted to it, as an equal matter with the evidence relating to those degrees.
I think the error was so prejudicial that I am unwilling to vote to send defendant to the chair.
*292 I would reverse the judgment of the Court of Appeals and remand the cause for a new trial.
Hart, ' J., concurs in the foregoing dissenting opinion.